UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYLA DAVIES-GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF KINGS STATE SUPERIOR FAMILY LAW, et al.,<br><br>Defendants. | Case No. 1:22-cv-00214-DAD-SKO<br><br>FIRST SCREENING ORDER<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT SHE WISHES TO STAND ON HER COMPLAINT<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Kayla Davies-Garcia is proceeding pro se and *in forma pauperis* in this action. Plaintiff filed her complaint on February 18, 2022. (Doc. 1). Upon review, the Court concludes that the complaint fails to state any cognizable claims.

Plaintiff has the following options as to how to proceed. Plaintiff may file an amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement with the Court stating that she wants to stand on this complaint and have it reviewed by the presiding district judge, in which case the Court will issue findings and recommendations to the district judge consistent with this order. If Plaintiff does not file anything, the Court will

recommend that the case be dismissed.

## I. SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). . A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94

(2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff drafted her complaint using the general complaint form provided by this Court. The complaint lists four defendants: (1) "Jennifer Giuliani, Judge Presiding, Department 1"; (2) "Kings County Human Resources HSA, CPS, Adoptions/Agencies Divisions"; (3) Damian Ayala; and (4) Priscilla Ayala. (Doc. 1 at 2–3.) Plaintiff states that subject matter jurisdiction is based on federal question and diversity of citizenship. (*Id*. at 3.) The amount in controversy is listed as "Involuntary Termination of Service." (*Id*. at 5.)

In the section in which she is asked to indicate which of her federal constitutional or federal statutory rights have been violated, she lists "28 U.S.C. § 1331." (*Id*. at 4.) The statement of claim section of the complaint states "There was slander in the courts about me and I have proof. CPS workers and judge and presiding agency workers had their hands on my pregnancy before I landed in their court-room/agency. [sic] They performed a court procedure that was unjust towards my kid and I." (*Id*. at 5.) Regarding the relief sought, Plaintiff states that "I want services with my son and for him to be out of the hands of the adoption agency." (*Id*. at 6.)

The Civil Cover Sheet lists the cause of action as "statute of limitations," and the description states "I was pregnant." (Doc. 1-1.)

## III.   DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not state any cognizable claims. Plaintiff shall be provided with the legal standards that appear to apply to her claims and will be granted an opportunity to file an amended complaint to correct the identified deficiencies.

**A.   Federal Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to

that granted by Congress. *U.S. v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Generally, there are two bases for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.

        1.       Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Here, Plaintiff alleges "28 U.S.C. § 1331" as a basis for federal question jurisdiction. (Doc. 1 at 4.) Section 1331, however, is purely jurisdictional statute that does not, on its own, create a private right of action. *See Montana-Dakota Util. Co. v. Northwestern Pub. Serv. Co*., 341 U.S. 246, 249 (1951) ("The Judicial Code, in vesting jurisdiction in the District Courts, does not create causes of action, but only confers jurisdiction to adjudicate those arising from other sources which satisfy its limiting provisions."). *See also White v. Paulsen*, 997 F. Supp. 1380, 1382-83 (E.D. Wash. 1998) (citing *In re Estate of Ferdinand Marcos, Human Rights Litig.*, 25 F.3d 1467, 1474-75 (9th Cir. 1994)). A "statute of limitations" is also not a cognizable federal claim. (*See* Doc. 1-1.) If Plaintiff elects to amend her complaint, she must allege facts establishing a giving rise to a cause of action "arising under" federal law in order to proceed in federal court.

        2.       Diversity Jurisdiction

Plaintiff also alleges diversity jurisdiction over her claim. (Doc. 1 at 3.) Pursuant to 28

U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." In other words, the plaintiff and the defendants must be citizens of different states to satisfy the complete diversity requirement of section 1332. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (no plaintiff can be a citizen of the same state as any of the defendants); *Cook v. AVI Casino Enterprises, Inc*., 548 F.3d 718, 722 (9th Cir. 2008) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (stating that diversity jurisdiction requires "complete diversity of citizenship")). Here, Plaintiff indicates that she is a citizen of California. (Doc. 1 at 2. *See also* Doc. 1-1 (civil cover sheet).) The allegations in the complaint and the civil cover sheet indicate that Defendants are also all citizens of California. (Docs. 1, 1-1.) Since Plaintiff and Defendants are all citizens of California, complete diversity is lacking, and Plaintiff cannot proceed in federal court based on diversity jurisdiction. *Garcia-Cardenas v. Immigration Legal Servs*., APC, No. 1:13-CV-01065-AWI, 2013 WL 4542223, at *2 (E.D. Cal. Aug. 27, 2013) (citing *Strawbridge*, 7 U.S. at 267).

**B.     Rule 8**

Rule 8 states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Here, Plaintiff's complaint violates Rule 8 because it does not contain a short and plain statement of the claim demonstrating that she is entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to the defendants of the basis of the claim and must allege facts that support the elements of the claim plainly and succinctly. A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

Here, there are no factual allegations in the complaint that identify the basis of the claim. Although Plaintiff names four defendants, it is unclear which claims Plaintiff asserts against which defendant and what the factual basis for those claims may be. Plaintiff alleges a "court procedure" was "performed" that was "unjust" (Doc. 1 at 5), but does not explain the procedure, who performed

it, or how it is unjust such that forms the basis of a claim. This is not permissible because it does not give the defendants "fair notice" of the claims against which they must defend and the facts and legal theories that give rise to the claims. *See* Fed. R. Civ. P. 8(a)(2).

Plaintiff must set forth factual allegations against each named defendant sufficient to state a claim. If Plaintiff elects to amend her complaint, she must separate each claim, state the legal basis for the claim, and identify how the facts alleged support and show that the particular defendant committed the violation asserted as the legal basis for the claim. *See* Fed. R. Civ. P. 8(a). The failure to do so may result in dismissal of this action.

**C.  Legal Standards**

In the event Plaintiff amends her complaint, the Court provides the following legal standards that may be relevant to her action:

1.  Section 1983

To the extent Plaintiff intends to assert a civil rights claim (*see* Doc. 1-1), 42 U.S.C. § 1983 ("Section 1983"), known as the Civil Rights Act, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under Section 1983, a plaintiff must allege that the defendant (1) acted under color of state law, and (2) deprived them of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of*

*San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of [Section] 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must also demonstrate that each named defendant personally participated in the deprivation of their rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

    2.    <u>Judicial Immunity</u>

Plaintiff names as a defendant "Jennifer Giuliani, Judge Presiding, Department 1." Judges are absolutely immune from liability for the actions they take in their judicial capacity. *Mullis v. U.S. Bankruptcy Court, Dist. of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988). This immunity extends to the actions of court personnel when they act as "an integral part of the judicial process." *Id*. at 1390.

"'A judge will not be deprived of immunity because the action [they] took was in error, was done maliciously, or was in excess of [their] authority; rather, [they] will be subject to liability only when [they have\] acted in the clear absence of all jurisdiction.'" *Id*. at 1388 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). A clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction. *Id*. at 1389. Judicial immunity is not lost by allegations that a judge conspired with a third party. As long as the judge's ultimate acts are judicial actions taken within

the court's subject matter jurisdiction, immunity applies. *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986). A party dissatisfied with a judge's rulings may challenge those rulings "only via appeal, not by suing the judges." *In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)).

### 3. Eleventh Amendment Immunity

Plaintiff may also not pursue a civil rights claim pursuant to Section 1983 against "Kings County CPS." CPS is not a proper defendant because it is a state entity immune from suit under the Eleventh Amendment. *See Gomez v. Fresno Police Dep't*, 2016 WL 2939416, at *4 (E.D. Cal. May 20, 2016) (finding Child Protective Services not a proper defendant in Section 1983 action because it is a state entity immune from suit under the Eleventh Amendment).[1]

A claim for civil rights violations pursuant to Section 1983 requires a "person" acting under color of state law. 42 U.S.C. § 1983. Local governmental units, such as counties or municipalities, are considered "persons" within the meaning of Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70, (1989). However, municipal departments and sub-units are generally not considered "persons" within the meaning of Section 1983. *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (municipal police departments and bureaus are generally not considered "persons" within the meaning of Section 1983); *see also Hopton v. Fresno Cty. Human Health Sys.*, 2020 WL 3035157, at *6 (E.D. Cal. June 5, 2020) ("[N]aming a municipal department as a defendant is not an appropriate means of pleading a [Section] 1983 action against a municipality.") (citation omitted); *Sanders v. Aranas*, 2008 WL 268972, at *2-3 (E.D. Cal. Jan.

---

[1] Although Plaintiff has not named any individual CPS employees as defendants, to assist Plaintiff the Court notes that social workers are also absolutely immune from civil liability for claims concerning their "discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from parents." *Beltran v. Santa Clara Cty.*, 514 F.3d 906, 908 (9th Cir. 2008) (quoting *Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003)); *see also Meyers v. Contra Costa Cty. Dep't of Soc. Serv.*, 812 F.2d 1154, 1157 (9th Cir. 1987). The immunity "covers the official activities of social workers only when they perform quasi-prosecutorial or quasi-judicial functions in juvenile dependency court." *Hardwick v. Cty. of Orange*, 844 F.3d 1112, 1115 (9th Cir. 2017). Social workers may have absolute immunity when discharging functions that are "critical to the judicial process itself." *Beltran*, 514 F.3d at 908. "[S]ocial workers are not afforded absolute immunity for their investigatory conduct, discretionary decisions or recommendations." *Tamas v. Dep't of Social & Health Servs.*, 630 F.3d 833, 842 (9th Cir. 2010). In those instances, only qualified, not absolute, immunity is available. *Miller*, 335 F.3d at 898. Examples of such discretionary decisions include "decisions and recommendations as to the particular home where a child is to go or as to the particular foster parents who are to provide care." *Id.*

29, 2008) (Fresno Police Department not a proper defendant because it is a sub-department of the City of Fresno and is not a person within the meaning of Section 1983).

Additionally, a public entity cannot be held vicariously liable for the actions of its employees in violation of Section 1983 on a theory of *respondeat superior*. *See Monell v. Dep't of Soc. Servs.,* , 436 U.S. 658 (1978). Rather, a municipality can only be held liable for injuries caused by the execution of its policy or custom or by those whose edicts or acts may fairly be said to represent official policy. *Id.* at 694. To impose municipal liability under Section 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [they were] deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. #40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. Cty. of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conformed to a policy, custom or practice. *See id.* at 636–68. Thus, even if Plaintiff properly named a local government unit subject to suit under Section 1983, the complaint fails to state a claim against it because there is no allegation that any action inflicting injury flowed from either an explicitly adopted or a tacitly authorized governmental policy.

4. <u>Child Custody Claims</u>

The crux of Plaintiff's complaint appears to involve child custody issues, as she requests that the Court remove her child "out of the hands of the adoption agency." (Doc. 1 at 6.)

The Court is without jurisdiction over Plaintiff's claims concerning child custody issues because they are exclusively matters of state law. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-704 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees."); *see also*

*Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (stating that "federal courts have uniformly held that they should not adjudicate cases involving domestic relations, including 'the custody of minors and *a fortiori*, right of visitation.' For that matter, the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter."). "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." *Thompson v. Thompson,* 798 F.2d 1547, 1558 (9th Cir. 1986).

To the extent Plaintiff is challenging an order of the state court regarding custody or visitation, she may not do so. This Court lacks subject matter jurisdiction to review the final determinations of state court dependency proceedings. *See, e.g., Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) ("The United States District Court . . . has no authority to review the final determinations of a state court in judicial proceedings."). Under the *Rooker-Feldman* doctrine, a federal district court does not have subject-matter jurisdiction to hear an appeal from the judgment of a state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *see also Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). Therefore, Plaintiff's claims against CPS or its employees relating to the removal of her son from her custody, which presumably arise from state court orders, would be barred by the *Rooker-Feldman* doctrine. *Johnson v. Child Protective Servs.*, 2017 WL 4387309, at *2 (E.D. Cal. Oct. 3, 2017) (finding that constitutional claims relating to plaintiffs' children being removed from their custody and placed in foster care, which were the subject of a state court action, barred by the *Rooker-Feldman* doctrine).

5. <u>Due Process</u>

Plaintiff appears to be alleging a denial of familial association. Although the nature of this claim is unclear, out of an abundance of caution, the Court provides Plaintiff with the standard for such a claim.

Parents have a constitutionally protected liberty interest in the care and custody of their children. *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). "A parent's desire for and right to 'the companionship, care, custody and management of his or her children' is an important interest that

'undeniably warrants deference and, absent a powerful countervailing interest, protection. " *Lassiter v. Dep't of Soc. Servs. of Durham Cty., N. C.,* 452 U.S. 18, 27 (1981) (quoting *Stanley v. Illinois*, 405 U.S. 645, 651 (1972)); *accord Kelson v. City of Springfield*, 767 F.2d 651, 655 (9th Cir. 1985).

A parent "may state a cause of action under [Section] 1983 when she alleges that the state terminated her parent-child relationship without due process of law." *Smoot v. City of Placentia*, 950 F. Supp. 282, 283 (C.D. Cal. 1997). The Ninth Circuit has generally characterized the right to familial association as a liberty right under the Due Process Clause of the Fourteenth Amendment. *Lee v. City of Los Angeles*, 250 F.3d 668, 685–86 (9th Cir. 2001); *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000) ("Parents and children have a well-elaborated constitutional right to live together without governmental interference . . . That right is an essential liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency."); *see also Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018) (explaining constitutional standards for evaluating claims based upon removal of children).

The right to familial association has both a procedural and a substantive component. *Keates*, 883 F.3d at 1236. "While the right is a fundamental liberty interest, officials may interfere with the right if they "provide the parents with fundamentally fair procedures[.]" *Keates*, 883 F.3d at 1236 (internal citations omitted); *see also Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 789 (9th Cir. 2016) ("[T]he Fourteenth Amendment[] guarantee[s] 'that parents and children will not be separated by the state without due process of law except in an emergency.'") (quoting *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 1999)). Substantively, "'official conduct that 'shocks the conscience' in depriving [family members] of [a liberty interest in the companionship and society of a family member] is cognizable as a violation of due process.'" *Estate of Osuna v. Cty. of Stanislaus*, 392 F. Supp. 3d 1162, 1176 (E.D. Cal. 2019) (quoting *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010)); *Estate of Prasad ex rel. Prasad v. Cty. of Sutter*, 958 F. Supp. 2d 1101, 1126 (E.D. Cal. 2013) (To violate the substantive due process right to family integrity, a defendant's "alleged conduct must 'shock[ ] the conscience.'") (citations omitted); *but see Crowe*

*v. Cnty. of San Diego,* 608 F.3d 406, 441 n. 23 (9th Cir. 2010) ("The standard for deprivation of familial companionship is 'unwarranted interference,' not conduct which 'shocks the conscience.'") (citations omitted). In determining whether conduct shocks the conscience, the Court must first ask whether the circumstances are such that actual deliberation is practical. *Wilkinson,* 610 F.3d at 554. Where actual deliberation is practical, then "deliberate indifference" may suffice to shock the conscience. *Id.*

"While a constitutional liberty interest in the maintenance of the familial relationship exists, this right is not absolute. The interest of the parents must be balanced against the interests of the state and, when conflicting, against the interests of the children." *Woodrum v. Woodward Cty., Okl.*, 866 F.2d 1121, 1125 (9th Cir. 1989). To state a claim under the Due Process Clause, it is not enough to allege that a state actor interfered with the familial relationship. *Id.* at 1125. "Officials may not remove children from their parents without a court order unless they have 'information at the time of the seizure that establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury.'" *Keates*, 883 F.3d at 1236 (quoting *Rogers v. County of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007)); *see also Caldwell v. LeFaver,* 928 F.2d 331, 333 (9th Cir. 1991) (a state agency may remove children from their parents' custody in an emergency situation if the children are subject to immediate or apparent danger or harm.).

Although it is unclear whether Plaintiff's son was removed by court order, it appears such an order may exist in light of Plaintiff's allegations. Plaintiff cannot state a cognizable claim for denial of familial association in violation of due process where a lawful removal court order has issued. Plaintiff fails to plead sufficient facts to demonstrate she was not accorded the due process rights of notice and an opportunity to be heard in the proceeding. *See Kirk v. I.N.S.*, 927 F.2d 1106, 1107 (9th Cir. 1991) ("Procedural due process requires adequate notice and an opportunity to be heard."). Nor has Plaintiff pled sufficient factual detail for the Court to determine whether defendants' actions or policies "shocked the conscience" for purposes of a substantive due process claim.

///

///

      6.      <u>State Law Claim</u>

           *a.*      *Claims Presentation Requirement*

Plaintiff that she was the subject of "slander" (Doc. 1 at 5), which is claim under California law. However, Plaintiff fails to comply with the claims presentation requirement so as to be allowed to proceed on any such claim in this action.

As set forth in California Government Code sections 810 *et seq*., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board, and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal. App. 4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation," *City of San Jose v. Superior Court*, 12 Cal. 3d 447, 455 (1974) (citations omitted), and "to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the Act are satisfied," *Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal*., 730 F.3d 1111, 1125 (9th Cir. 2013). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1244 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239 (fn. omitted).

Federal courts likewise must require compliance with the claims presentation requirement for pendant state law claims that seek damages against state public employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir. 1995). State tort claims included in a federal action, filed pursuant to Section 1983, may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir. 1988); *Butler v. Los Angeles County*, 617 F. Supp. 2d 994, 1001 (C.D. Cal.2008).

          *b.*        *Supplemental Jurisdiction*

Additionally, pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. *See* 28 U.S.C. § 1367. In the absence of any cognizable federal claims, the Court declines to individually screen Plaintiff's purported state law claim.

**D.**    **Leave to Amend**

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint, so Plaintiff can provide additional factual allegations. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

Plaintiff is granted leave to file an amended complaint within thirty days. If Plaintiff chooses to amend her complaint, in her amended complaint she must state what each named defendant did that led to the deprivation of her constitutional or other federal rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff should note that although she has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First

Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint if she believes that additional true factual allegations would state cognizable claims. If Plaintiff files an amended complaint, the Court will screen that complaint in due course. Alternatively, Plaintiff may choose to stand on her complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order.

### IV.  ORDER

Based on the foregoing, IT IS ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
   a. File a First Amended Complaint; or
   b. Notify the Court in writing that she wants to stand on this complaint;
2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:22-cv-00214-DAD-SKO; and
3. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:  **March 25, 2022**                               /s/ *Sheila K. Oberto*
                                                                         UNITED STATES MAGISTRATE JUDGE