UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYLA DAVIES-GARCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF KINGS STATE SUPERIOR FAMILY LAW, et al.,<br><br>　　　　Defendants. | Case No.  1:22-cv-00214-DAD-SKO<br><br>FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S "MOTION TO PROCEED IN COURT" BE DENIED AND THAT THE CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>(Docs. 5 & 6)<br><br>FOURTEEN-DAY DEADLINE |

　　　　Plaintiff Kayla Davies-Garcia, proceeding pro se and *in forma pauperis* in this action, filed a civil complaint on February 18, 2022. (Doc. 1). On March 28, 2022, the undersigned screened the complaint, found that it failed to state any cognizable claims, and granted Plaintiff thirty days leave to file an amended complaint curing the pleading deficiencies identified in the order. On April 8, 2022, Plaintiff filed an amended complaint, along with a "Motion to Proceed in Court." (Docs. 5 & 6.)  The motion requests "to be seen and heard in court by both the magistrate judge Sheila K. Oberto and U.S. District Judge Dale A. Drozd." (Doc. 6.)

　　　　After screening Plaintiff's amended complaint, the Court finds that despite the explicit recitation of the deficiencies of the original complaint, Plaintiff has failed to demonstrate any violation of federal law.  Accordingly, the Court RECOMMENDS that Plaintiff's "Motion to

Proceed in Court" be DENIED and the amended complaint be DISMISSED without leave to amend.

## I.  SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).  If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). . A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept

as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's two-page first amended complaint lists the following defendants: (1) "Jennifer Giuliani (Department 1 of Superior Court California, in Hanford, CA, 93230)"; (2) "Robert Shane Burns (Presiding Judge with Department 6, in Hanford CA, 93230)"; (3) "Priscilla C. Ayala Delatorre (A substitute care provider with HAS, CPS, adoptions division)"; (4) "Damian Ayala Delatorre (A substitute care provider with HAS, CPS, adoptions division)"' (5) "Lyndsey Pagan (Social Service Practitioner)"; (6) "Alejandra Mata (Social Service Practitioner)"; (7) "Diana Valdivia (Social Service Supervisor)"; (8) "Lorena Campos (Social Service Practitioner)"; (9) "Kylie Castellon (Social Service Practitioner)"; (10) "Evan Alves, MSW (A signer or worker for the KCHSA Adoptions Divisions) also (Master of Social Work)"; (11) and "Fernando Valladares, MSW (A signer or worker for the KCHSA Adoptions Divisions) also (Master of Social Work)." (Doc. 5 at 1.)

As for her allegation, she includes a single sentence: "The defendant(s) composed the Deprivation of familial companionship and also perpetrated deliberate indifference in a state case." (Doc. 5 at 1.) The remainder of the first amended complaint is comprised of an "example" each of deprivation of familiar companionship and deliberate indifference, which sourced from https://crandalllaw.com and https://www.aclu.org, respectively. (Doc. 5 at 1–2.)

## III. DISCUSSION

**A.   Rule 8**

Rule 8 states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Here, Plaintiff's complaint violates Rule 8 because it does not contain a short and plain statement of the claim demonstrating that she

3

is entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to the defendants of the basis of the claim and must allege facts that support the elements of the claim plainly and succinctly. A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

As in her original complaint, there are no factual allegations in the amended complaint that identify the basis of the claim. Although Plaintiff now names an additional seven defendants, it is unclear which claims Plaintiff asserts against which defendant and what the factual basis for those claims may be. Her single sentence allegation does not give the defendants "fair notice" of the claims against which they must defend and the facts and legal theories that give rise to the claims. *See* Fed. R. Civ. P. 8(a)(2).

**B.     Section 1983**

Plaintiff alleges "defendant(s)" engaged in the "[d]eprivation of familial companionship." (Doc. 5 at 2.) As explained in the Court's prior screening order, such claim arises under 42 U.S.C. § 1983 ("Section 1983"), known as the Civil Rights Act. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under Section 1983, a plaintiff must allege that the defendant (1) acted

4

under color of state law, and (2) deprived them of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of [Section] 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must also demonstrate that each named defendant personally participated in the deprivation of their rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Here, as with the original complaint, Plaintiff fails to plead facts showing what any defendant did to deprive her of her right to familial companionship or what each defendant did to personally participate in the alleged deprivation.

1. <u>Right to Familial Companionship or Association</u>

Parents have a constitutionally protected liberty interest in the care and custody of their children. *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). "A parent's desire for and right to 'the companionship, care, custody and management of [their] children' is an important interest that 'undeniably warrants deference and, absent a powerful countervailing interest, protection. " *Lassiter v. Dep't of Soc. Servs. of Durham Cty., N. C.,* 452 U.S. 18, 27 (1981) (quoting *Stanley v. Illinois*, 405 U.S. 645, 651 (1972)); *accord Kelson v. City of Springfield*, 767 F.2d 651, 655 (9th

Cir. 1985).

A parent "may state a cause of action under [Section] 1983 when she alleges that the state terminated her parent-child relationship without due process of law." *Smoot v. City of Placentia*, 950 F. Supp. 282, 283 (C.D. Cal. 1997). The Ninth Circuit has generally characterized the right to familial association as a liberty right under the Due Process Clause of the Fourteenth Amendment. *Lee v. City of Los Angeles*, 250 F.3d 668, 685–86 (9th Cir. 2001); *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000) ("Parents and children have a well-elaborated constitutional right to live together without governmental interference . . . That right is an essential liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency."); *see also Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018) (explaining constitutional standards for evaluating claims based upon removal of children).

The right to familial association has both a procedural and a substantive component. *Keates*, 883 F.3d at 1236. "While the right is a fundamental liberty interest, officials may interfere with the right if they "provide the parents with fundamentally fair procedures[.]" *Keates*, 883 F.3d at 1236 (internal citations omitted); *see also Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 789 (9th Cir. 2016) ("[T]he Fourteenth Amendment[] guarantee[s] 'that parents and children will not be separated by the state without due process of law except in an emergency.'") (quoting *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 1999)). Substantively, "'official conduct that 'shocks the conscience' in depriving [family members] of [a liberty interest in the companionship and society of a family member] is cognizable as a violation of due process.'" *Estate of Osuna v. Cty. of Stanislaus*, 392 F. Supp. 3d 1162, 1176 (E.D. Cal. 2019) (quoting *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010)); *Estate of Prasad ex rel. Prasad v. Cty. of Sutter*, 958 F. Supp. 2d 1101, 1126 (E.D. Cal. 2013) (To violate the substantive due process right to family integrity, a defendant's "alleged conduct must 'shock[ ] the conscience.'") (citations omitted); *but see Crowe v. Cnty. of San Diego,* 608 F.3d 406, 441 n. 23 (9th Cir. 2010) ("The standard for deprivation of familial companionship is 'unwarranted interference,' not conduct which 'shocks the conscience.'") (citations omitted). In determining whether conduct shocks the conscience, the Court

must first ask whether the circumstances are such that actual deliberation is practical. *Wilkinson*, 610 F.3d at 554. Where actual deliberation is practical, then "deliberate indifference" may suffice to shock the conscience. *Id.*

"While a constitutional liberty interest in the maintenance of the familial relationship exists, this right is not absolute. The interest of the parents must be balanced against the interests of the state and, when conflicting, against the interests of the children." *Woodrum v. Woodward Cty., Okl.*, 866 F.2d 1121, 1125 (9th Cir. 1989). To state a claim under the Due Process Clause, it is not enough to allege that a state actor interfered with the familial relationship. *Id.* at 1125. "Officials may not remove children from their parents without a court order unless they have 'information at the time of the seizure that establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury.'" *Keates*, 883 F.3d at 1236 (quoting *Rogers v. County of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007)); *see also Caldwell v. LeFaver,* 928 F.2d 331, 333 (9th Cir. 1991) (a state agency may remove children from their parents' custody in an emergency situation if the children are subject to immediate or apparent danger or harm.).

As with her original complaint, Plaintiff fails to plead sufficient facts to demonstrate she was not accorded the due process rights of notice and an opportunity to be heard. *See Kirk v. I.N.S.*, 927 F.2d 1106, 1107 (9th Cir. 1991) ("Procedural due process requires adequate notice and an opportunity to be heard."). Furthermore, Plaintiff cannot state a cognizable claim for denial of familial association in violation of due process where a lawful removal court order has issued.

2. Deliberate Indifference

It is not clear whether Plaintiff's claim for "deliberate indifference in a state case" is independent of her due process claim, as the "example" she provides in her complaint pertains to prisoners, which does not appear to apply in this case. (*See* Doc. 5 at 2.) In any event, Plaintiff has not pleaded sufficient factual detail for the Court to determine whether defendants' actions or policies "shocked the conscience" for purposes of a substantive due process claim.

Reference to an underlying "state case" is also problematic. As explained in the Court's screening order, to the extent Plaintiff is challenging an order of the state court regarding custody or visitation, she may not do so. This Court lacks subject matter jurisdiction to review the final

determinations of state court dependency proceedings. *See, e.g., Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) ("The United States District Court . . . has no authority to review the final determinations of a state court in judicial proceedings."). Under the *Rooker-Feldman* doctrine, a federal district court does not have subject-matter jurisdiction to hear an appeal from the judgment of a state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *see also Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). Therefore, Plaintiff's claims challenging orders issued by a state court would be barred by the *Rooker-Feldman* doctrine. *Johnson v. Child Protective Servs.*, 2017 WL 4387309, at *2 (E.D. Cal. Oct. 3, 2017) (finding that constitutional claims relating to plaintiffs' children being removed from their custody and placed in foster care, which were the subject of a state court action, barred by the *Rooker-Feldman* doctrine).

**C.   Immunity**

Plaintiff names as defendants two state court judges. (*See* Doc. 5 at 1.) Judges are absolutely immune from liability for the actions they take in their judicial capacity. *Mullis v. U.S. Bankruptcy Court, Dist. of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988). This immunity extends to the actions of court personnel when they act as "an integral part of the judicial process." *Id*. at 1390.

"'A judge will not be deprived of immunity because the action [they] took was in error, was done maliciously, or was in excess of [their] authority; rather, [they] will be subject to liability only when [they have\] acted in the clear absence of all jurisdiction.'" *Id*. at 1388 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). A clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction. *Id*. at 1389. Judicial immunity is not lost by allegations that a judge conspired with a third party. As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies. *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986). A party dissatisfied with a judge's rulings may challenge those rulings "only via appeal, not by suing the judges." *In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)).

Plaintiff also names several individual CPS employees as defendants. (*See* Doc. 5 at 1.)

1    Social workers are also absolutely immune from civil liability for claims concerning their
2    "discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take
3    custody away from parents." *Beltran v. Santa Clara Cty.*, 514 F.3d 906, 908 (9th Cir. 2008)
4    (quoting *Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003)); *see also Meyers v. Contra Costa*
5    *Cty. Dep't of Soc. Serv.*, 812 F.2d 1154, 1157 (9th Cir. 1987). The immunity "covers the official
6    activities of social workers only when they perform quasi-prosecutorial or quasi-judicial functions
7    in juvenile dependency court." *Hardwick v. Cty. of Orange*, 844 F.3d 1112, 1115 (9th Cir. 2017).
8    Social workers may have absolute immunity when discharging functions that are "critical to the
9    judicial process itself." *Beltran*, 514 F.3d at 908. "[S]ocial workers are not afforded absolute
10   immunity for their investigatory conduct, discretionary decisions or recommendations." *Tamas v.*
11   *Dep't of Social & Health Servs.*, 630 F.3d 833, 842 (9th Cir. 2010). In those instances, only
12   qualified, not absolute, immunity is available. *Miller*, 335 F.3d at 898. Examples of such
13   discretionary decisions include "decisions and recommendations as to the particular home where
14   a child is to go or as to the particular foster parents who are to provide care." *Id.*

15   Here, Plaintiff does not plead any facts that would suggest the doctrines of immunity set
16   forth would not apply in this case.

17   **D.    Leave to Amend Is Not Recommended**

18   When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be
19   granted unless the district court determines that the pleading could not possibly be cured by the
20   allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal
21   quotation marks omitted); *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. (9th Cir. 1996). However,
22   once the court has already granted a plaintiff leave to amend a complaint, the court's discretion in
23   determining whether to allow additional opportunities to amend is particularly broad. *Sateriale v.*
24   *R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012) (quoting *Miller v. Yokohama Tire*
25   *Corp.*, 358 F.3d 616,622 (9th Cir.2 004)); *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th
26   Cir. 2002).

27   Further amendment is not appropriate in this case. When dismissing the prior complaint,
28   the undersigned advised Plaintiff may file an amended complaint if she believes that additional true

factual allegations would state cognizable claims.  Plaintiff has repeatedly demonstrated that she is unable to marshal facts sufficient to constitute a cognizable federal claim and that the addition of more detailed factual allegations or revision of Plaintiff's claims will not cure the defects of her first amended complaint.  Thus, the undersigned declines to grant any further leave to amend and recommends that the action be dismissed.

### IV.   CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's "Motion to Proceed in Court" (Doc. 6) be DENIED, and her first amended complaint (Doc. 5) be DISMISSED without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  **Within fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **April 21, 2022**                    /s/ *Sheila K. Oberto*                
                                                                       UNITED STATES MAGISTRATE JUDGE