UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYLA DAVIES-GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF KINGS STATE SUPERIOR FAMILY LAW, et al.,<br><br>Defendants. | No. 1:22-cv-00214-DAD-SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION DUE TO PLAINTIFF'S FAILURE TO STATE A CLAIM<br><br>(Doc. Nos. 6, 7) |

Plaintiff Kayla Davies-Garcia, proceeding *pro se* and *in forma pauperis*, initiated this civil action on February 18, 2022. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 28, 2022, the assigned magistrate judge screened plaintiff's complaint and found that plaintiff had failed to state any cognizable claim. (Doc. No. 4.) In that screening order, the court provided plaintiff guidance regarding the pleading and legal standards applicable to the several claims that she was attempting to assert in her complaint. (*Id.* at 3–14.) Plaintiff was granted leave to file an amended complaint within thirty (30) days from service of that screening order. (*Id.* at 14–15.) On April 8, 2022, plaintiff filed a first amended complaint ("FAC") and a "motion to proceed in court." (Doc. Nos. 5, 6.)

/////

1

1        On April 22, 2022, the magistrate judge screened plaintiff's FAC and issued findings and
2   recommendations recommending that plaintiff's motion to proceed in court be denied and that
3   this action be dismissed, without the granting of further leave to amend, due to plaintiff's failure
4   to state a cognizable claim upon which relief may be granted.  (Doc. No. 7.)  In particular, the
5   magistrate judge found that, despite the guidance provided in the screening order addressing
6   plaintiff's original complaint, in her FAC plaintiff again had failed to state any cognizable claims.
7   (*Id.*)  Those pending findings and recommendations were served on plaintiff and contained notice
8   that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 10.)
9   On May 6, 2022, plaintiff timely filed objections to the pending findings and recommendations.
10  (Doc. No. 8.)

11       In her objections, plaintiff does not argue that the magistrate judge's analysis of applicable
12  immunity doctrines is incorrect; rather, she maintains that she is entitled to relief "even if the
13  parties may or may not be immune."  (*Id.* at 1.)  Plaintiff also objects to the magistrate judge's
14  conclusion that this court lacks subject matter jurisdiction over this action and argues that she is
15  "entitled to relief because of . . . [the] U.S. Patent Act," and quotes online sources discussing
16  patent infringement.  (*Id.*)  However, plaintiff's allegations as set forth in her FAC—regarding
17  alleged deprivation of familial companionship and custody rights over children—have nothing to
18  do with *patent* rights.  Accordingly, plaintiff's objections provide no basis upon which to reject
19  the pending findings and recommendations.

20       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
21  *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's
22  objections, the court concludes the findings and recommendations are supported by the record
23  and by proper analysis.

24       Accordingly,
25       1.    The findings and recommendations issued on April 22, 2022 (Doc. No. 7) are
26             adopted in full;
27       2.    Plaintiff's "Motion to Proceed in Court" (Doc. No. 6)  is denied;
28  /////

3. This action is dismissed due to plaintiff's failure to state a cognizable claim for relief; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **June 3, 2022**

UNITED STATES DISTRICT JUDGE